IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CIVIL NO. 09-653-DRH |
| | : | |
| REAL PROPERTY DESCRIBED AS THE WEST TEN ACRES OF THE FOLLOWING DESCRIBED TRACTS OF LAND: TRACT 1: THE SOUTH HALF OF THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 24, TOWNSHIP 2 SOUTH, RANGE 1 WEST OF THE THIRD PRINCIPAL MERIDIAN, JEFFERSON COUNTY, ILLINOIS; AND TRACT 2: THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 24, TOWNSHIP 2 SOUTH, RANGE 1 EAST OF THE THIRD PRINCIPAL MERIDIAN, JEFFERSON COUNTY, ILLINOIS, AND ALL ATTACHMENTS, IMPROVEMENTS, AND APPURTENANCES THERETO, | : | |
| | : | |
| DEFENDANT. | : | |

## JUDGMENT AND DECREE FOR FORFEITURE

A default having been entered as to Julie Chavez, and all interested parties in the above case on the 28th day of January, 2010, [Doc. 7], all in accordance with Rule 55 of the Federal Rules of Civil Procedure, and counsel for plaintiff having requested judgment against said defaulted defendants and having filed a proper motion with me as to the requested relief;

On the 25th day of August, 2009, a Verified Complaint for Forfeiture against the defendant, more further described as:

>**Real property located in Jefferson County, Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:**

**The West 10 acres of the following described tracts of land:**

**Tract 1:** **The South Half of the Southeast Quarter of the Northwest Quarter of Section 24, Township 2 South, Range 1 West of the Third Principal Meridian Jefferson County, Illinois.**

**Tract 2:** **The Northeast Quarter of the Southwest Quarter of Section 24, Township 2 South, Range 1 East of the Third Principal Meridian, except that part heretofore conveyed to the following:**

**A.** **Robert J. Hood and Joyce Ann Hood by Warranty Deed recorded February 25, 1982 in Cabinet 3, Drawer 2, as Instrument No. 2934;**

**B.** **Robert J. Hood and Joyce Ann Hood by Warranty Deed recorded June 20, 1980 in Cabinet 2, Drawer U, as Instrument No. 2934;**

**C.** **Robert J. Hood and Joyce Ann Hood by Warranty Deed recorded April 4, 1988 in Cabinet 3, Drawer 10 as Instrument No. 4969. Subject to a non-exclusive easement for ingress and egress, which provides inter alia that the sellers grant unto the buyer and any other property for ingress and egress to be used by seller, buyer and any other party sellers should so select, 25 feet wide, said strip lying between land currently owned by Maurice Schmidt and by Robert J. Hood and Joyce Ann Hood. Any decision to improve this easement will be made by the seller with the buyer paying his proportionate share of the expense of its improvement. Nothing contained within this grant requires the seller to make an improvement to the easement strip; and**

**D.** **And the East 402 feet of the Northeast Quarter of the Southwest Quarter of Section 24, Township 2 South, Range 1 East, being a tract conveyed to Maurice Schmidt.**

**Together with an easement for ingress and egress across the remaining part of parcel owned by Debra Jewel Woolever, wherever access is the easiest.**

**Except all coal, oil, gas and other minerals as heretofore conveyed, reserved or excepted of records, situated in Jefferson County, Illinois.**

**Parcel No. 05-24-326-009**

was filed on behalf of the plaintiff, United States of America. The Complaint alleges that said real property is the proceeds traceable to an exchange of moneys or other things of value for a controlled substance in violation of 21 U.S.C. § 841 *et seq.*, and is subject to forfeiture pursuant to 21 U.S.C. §

2

881(a)(6).

It appearing that process was fully issued in this action and returned according to law;

That notice of this action was also published on an official government website (www.forfeiture.gov) for at least 30 consecutive days, beginning November 5, 2009. Notice was also published in the Southern Illinoisan on November 20, 2009; November 27, 2009; and December 4, 2009.

That Julie Chavez, and all interested parties were defaulted on January 28, 2010 [Doc. 7];

Now, therefore, on motion of the plaintiff, United States of America, for a Judgment and Decree of Forfeiture, the property, more further described as:

> **Real property located in Jefferson County, Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:**
>
> **The West 10 acres of the following described tracts of land:**
>
> **Tract 1:     The South Half of the Southeast Quarter of the Northwest Quarter of Section 24, Township 2 South, Range 1 West of the Third Principal Meridian Jefferson County, Illinois.**
>
> **Tract 2:     The Northeast Quarter of the Southwest Quarter of Section 24, Township 2 South, Range 1 East of the Third Principal Meridian, except that part heretofore conveyed to the following:**
>
> **A.     Robert J. Hood and Joyce Ann Hood by Warranty Deed recorded February 25, 1982 in Cabinet 3, Drawer 2, as Instrument No. 2934;**
>
> **B.     Robert J. Hood and Joyce Ann Hood by Warranty Deed recorded June 20, 1980 in Cabinet 2, Drawer U, as Instrument No. 2934;**
>
> **C.     Robert J. Hood and Joyce Ann Hood by Warranty Deed recorded April 4, 1988 in Cabinet 3, Drawer 10 as Instrument No. 4969. Subject to a non-exclusive easement for ingress and egress, which provides inter alia that the sellers grant unto the buyer and any other property for ingress and egress to be used by seller, buyer and any other party sellers should so select, 25 feet wide, said strip lying between land currently owned by Maurice Schmidt and by Robert J. Hood and Joyce Ann Hood. Any decision to improve this easement will be made by the seller with the buyer paying his**

> **proportionate share of the expense of its improvement. Nothing contained within this grant requires the seller to make an improvement to the easement strip; and**
>
> **D.      And the East 402 feet of the Northeast Quarter of the Southwest Quarter of Section 24, Township 2 South, Range 1 East, being a tract conveyed to Maurice Schmidt.**
>
> **Together with an easement for ingress and egress across the remaining part of parcel owned by Debra Jewel Woolever, wherever access is the easiest.**
>
> **Except all coal, oil, gas and other minerals as heretofore conveyed, reserved or excepted of records, situated in Jefferson County, Illinois.**
>
> **Parcel No. 05-24-326-009**

is hereby ordered forfeited to the United States of America and no right, title or interest in the property shall exist in any other party. The defendant property shall be disposed of according to law by the United States Marshal.

The Court finds that under the "relation-back" doctrine codified in 21 U.S.C. Sec. 881(h), all right, title, and interest in the subject matter property vested in the United States upon the commission of the act giving rise to forfeiture and that in the instant case, said date that the property vested in the United States was no later than March 25, 2007, when law enforcement was informed that the property was purchased with drug proceeds and marihuana, as described in the affidavit attached to Plaintiff's Complaint. The Court finds that said property is therefore exempt from any real estate taxation from said date of March 25, 2007 until such date that the property is transferred from the United States to an owner who is not exempt from taxation. The United States shall pay any taxes or tax liens accruing prior to March 25, 2007 and may, at its discretion but not as a requirement of law or of this Court, voluntarily pay, as if the property were not exempt, any taxes or tax liens accruing after March 25, 2007, but prior to the date of this Judgment and Decree for Forfeiture. For any taxes or tax liens paid by the United States, said payments shall be considered part of the costs and expenses associated with

the forfeiture and sale of the subject matter real estate and shall be reimbursed from the proceeds of the sale prior to the distribution of the proceeds of the sale.  This Court retains jurisdiction to determine any and all issues regarding any real estate taxes imposed on the property prior to the date of this instant order, and no tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall take any steps to collect said taxes or enforce said tax liens, except as specifically authorized by an Order issued by this District Court after prior notice to the United States and a hearing.  This Court specifically orders that no such tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall commence state court tax deed proceedings and notices unless specifically authorized by this District Court after prior notice to the United States and a hearing.  The United States shall record this instant Order as a means of providing notice of this prohibition and shall mail a copy to the State's Attorney of Jefferson County, Illinois, as the attorney for the taxing authorities.

The United States Marshal may immediately take custody of the subject-matter premises.

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of the plaintiff, United States of America, and against the defendant as described above.

**DATE: May 21, 2010**

/s/   *David R Herndon*
**Chief Judge**
**United States District Court**